May it please the Court, Theresa Stoutler for the petitioner, Karen Salai. Your Honors, the issue for you today before the Court is specifically whether a violation of the proximity restriction provision in a domestic protective order under the Oregon Family Abuse Prevention Act, or FAPA, makes an alien subject to removal under the Immigration and Nationality Act. And the provision in question is 8 U.S.C. Let me stop you. Isn't your question, or the thing you really have to address, is the Alanis Alvarado v. Mokasey case? Yes, Your Honor. I'm prepared to do that. Okay. And it certainly has made our case a tad more difficult. Natural law. Don't forget natural law. But the first thing I'd like to point out in distinguishing Alanis Alvarado is, in that case, another panel of this Court held that a conviction for violating a restraining order under the California Penal Code, Section 273.6, made the alien subject to removal. And that section of law, in turn, references the California Family Code, Section 6320. And the Court held there that every portion of a protective order, under that particular provision of California law, involved credible threats of violence, harassment, and bodily injury, which are the terms used in the ground of removal. What's the difference between Oregon's scheme and California's scheme? Well, first of all, the Oregon scheme, the statute delineates the behavior protected against in various subsections. Whereas the California Family Code listed all the verbs in a paragraph, in total. And the Court in Alanis Alvarado did distinguish the difference between the California Code and the Oregon and Nevada statutes. And did reference that, among other things, the Oregon statute does have a provision in the Family Abuse Protection Act to protect or to award support. And went on to say that a violation under the Oregon statute. But that's not the section that we're talking about here, because obviously he wasn't picked upon because he failed to do child support. He was picked upon because he went up the driveway, halfway up the driveway. Yes, he went up the driveway. It was the proximity portion. Yes. And under Oregon law, the Court, in finding a violation, should indicate whether the violence provisions have been violated. And under Gerlach v. Roberts, under that case. And the document, the charging document against Mr. Salai indicated only that he walked up the driveway and came too close. It said nothing about interfering, harassing, any of the violence provisions. Didn't the whole thrust of the Alanis Alvarado decision, they kind of glossed over that type of discussion. Basically, they said that because of the fact that there was a prior finding of violence, that all these other terms, which perhaps you could interpret one way or the other as being part of a protection portion of the protective order. They would assume that it all was, simply for the fact that because it was this past violent instance, that they could do that. And Oregon, the same thing. In order to get the protective order under Oregon law done, there has to be a finding of a prior violent act within the prior 180 days, which apparently was done here. So why isn't your case torpedoed, for lack of a better term, because of Alanis Alvarado? Well, Your Honor, I think the only way to look at it in that sense would be to, I mean, certainly the ultimate purpose of any protective order, and I'm sure most of the state statutes are similar, is that it protects against, you know, this conduct. But Congress, in making this ground of removal, did not state that it should be all portions or any portions of the protective order. It just, there was that limiting language there. But again, that argument is pretty much precluded because of, by this panel, unless we come out and say we're going to disagree with Alanis Alvarado's exegesis. Aren't we? Precluded? Well, as I said, Your Honor, when I began, it certainly makes the argument more difficult. But I would only state again that under Oregon law, the judge is supposed to indicate in the judgment when the restraining order has been violated, if there is some sort of, you know, violent, interfering, harassing, threatened behavior. And here it's, as the immigration judge stated, what Mr. Zelaya did was violate the proximity portion of the order. So that is your distinction with Alanis Alvarado. Other than that, you agree that it's on all fours? There is the distinction, and I don't know if it is a great one. The Court asked the parties to be able to discuss the case in that Oregon's statute is a contempt of court finding rather than a conviction under the penal code. But it's a criminal contempt. It is a punitive sanction under, it's a civil violation is my reading of it, but a punitive sanction was entered by the judge. And the Oregon contempt of court provisions allow for that. But the conduct covered in the 6320 under California is very similar to that of Oregon's. The difference is, as I said before, the verbs are all listed together in one paragraph instead of subsections, and there is no provision under the California section 6320 which concerns the support provision. That would be the main distinction there. Well, you're a creative advocate, and we admire that. But it's a tough one, isn't it? It certainly is, Your Honor. Do you want to reserve the rest of your time for rebuttal? Yes, I will. Thank you. Very well. May we please hear from Mr. Evans from the Department of Justice? May it please the Court. Manny Evans, representing the government in this matter. As the Court recognizes, Alanis is controlling in this matter. What's most important about Alanis is that the Court said that every violation of the California statute at issue there would effectively render the alien removable. And the nature of the specific violation of the California statute would render the alien removable. And the nature of the specific violation of the California statute would render the alien removable. I'm sorry, Your Honor? What about child support as being part of a protective order? Well, child support was not part of a California protective order. But you said that Alanis – I mean, Alonzo Alvarado would hold every portion. Well, what I meant was in that particular case under the California statute. And what I'm looking at is the California statute specifically said that a violation, quote, coming within a specified distance of the other party, that was one way to violate the California statute at issue in Alanis. Now, here we actually know the specific nature of the violation in this case. And it was coming within 100 yards of the ex-wife. It's clear from Alanis that we have a removable offense here. Is there evidence that she was actually in the house at the time? Well, Your Honor, it wouldn't matter. But to answer the Court's question, no, I don't believe that there was evidence of that. What matters here is that the State court judgment said that he violated the protective order. And that's really all that matters. I point out, as the Court noted, that the Oregon statute here, that's Section 107.7181, specifically calls for a finding of prior abuse before you issue a protective order in these cases. So we have at least inferential, in fact, specifically at the administrative record, page 355, a finding of prior abuse in this case. So it's clear that we had a protective order that's intended to protect against violence. And then a provision of that order was violated. That's sufficient to establish removability. I'd also point out that further supporting that conclusion is a requirement that you don't just impose the proximity limitation as a general matter, but instead you need the Oregon judge needs to make a finding that it's necessary, and I'm quoting the Oregon statute here,  or menacing the petitioner or children whose custody is awarded to the petitioner. And that's Section 107.7181G. And again, that shows that the provision here, imposing the proximity limitation, is intended to protect against threats. So a violation of that establishes removability. I know that there was concern in the briefs here about the reference in the Board's decision to the police report. And I would simply say that I think it's clear that the Board relied at least in part on the State court judgment in this matter. The State court judgment establishes removability. And clearly in light of Alanis, the Board would reach the same conclusion in this case if there was a remand. I believe that the ---- The review of the police report is basically duplicative rather than definitive in terms of the factual finding under the modified categorical analysis. Yes, Your Honor. The reference was harmless. The violations established by the State court judgment, any remand on that point would be futile. For all of those reasons, the government would ask that the petition for review be denied. If there are no other questions, we'll submit the case then. Any other questions? Thank you very much. Thank you very much, Your Honor. We'll now hear Ms. Shatler's rebuttal. Thank you, Your Honor. In closing, I would just like to point out the language in Alanis Alvarado. It's near the conclusion of the case where the Court is distinguishing the Oregon and Nevada statutes from the California statute. Recognizing the Immigration Nationality Act provision regarding removal does have the restrictive language. And the Court states there under our interpretation that restriction is not empty. And it notes that a conviction for violating a protection order issued under such a statute, referring to Oregon and Nevada, would require additional proof as to what portion of the order was violated. And in this case, the Court can look at the restraining order itself, the judgment, the modification of the restraining order, and the complaint or the charging document. And in viewing those documents, and certainly with viewing the charging document, there's no indication that there's any violent, threatening, or harassing behavior. I would just like to point out that there's no indication that there's any violent, threatening, or harassing behavior. It simply states that Mr. Salai walked up the driveway in dropping off his child. So if he was ---- Yes, but, you know, on our review, I mean, the cases say specifically you don't look at the conduct in this specific case. We look at what the statute provides and what the purpose of the statute is, right? That's true, Your Honor, but also ---- And you're really pointing to the specific conduct in this case, which is something we aren't supposed to look at. But in Alanis Alvarado, the Court was using this modified categorical approach in not only viewing the statute, but there's certain documents, as in the Taylor and Tokatli cases, that can be looked at. Although this was a violation under a civil matter under Oregon law, it's quasi-criminal in that there are ---- the alien is subject to removal. The penalties are severe in that sense. And there's a charging document, just as there is in a criminal case. And so I would submit that in looking at that, in looking at those four documents only, as Alanis Alvarado says, there is at least a small bit of room for the Court, I think, to distinguish the case at bar from Alanis Alvarado. Thank you very much. Very good. Thank you so much, both of you, for your argument. That matter, the matter we've just heard, is submitted. And the next case is Moss v. Wood et al.
judges: Tashima, Smith, Wu